UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 4:26-cv-00068

———

**Krista Timika Walker,**
*Petitioner,*

v.

**Roland Edwards et al.,**
*Respondents.*

———

# ORDER

Petitioner, proceeding pro see, filed a petition for a writ of mandamus seeking a court order for back pay from the Transportation Security Administration (TSA). Doc. 2. The case was referred to a magistrate judge, who issued a report recommending that the petition be dismissed for lack of jurisdiction. Doc. 5 at 4. Petitioner timely objected to the report. Doc. 6.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Petitioner first objects to the referral of this matter to a magistrate judge without her consent. Doc. 6  at 1. But district courts

- 1 -

may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of a matter to the district court judge. 28 U.S.C. § 636(b)(1)(B); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). Consent from the parties is not required for such referrals. *See Jackson*, 864 F.2d at 1242; *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) (per curiam). Accordingly, petitioner's first objection is overruled.

Next, petitioner objects that the Merit Systems Protection Board (MSPB) does not have jurisdiction over the petition because this action concerns back pay and is not a personnel dispute. Doc. 6 at 2. Petitioner is incorrect. The MSPB has jurisdiction to "order agencies to . . . to provide back pay" as part of its "review of major adverse personnel actions." *Zummer v. Sallet*, 37 F.4th 996, 1003–04 (5th Cir. 2022). Petitioner cannot separate her back-pay claim from her underlying suspension. Accordingly, petitioner's second objection is overruled.

Petitioner also objects that the MSPB violates the separation of powers by forcing her constitutional claims to route through an executive agency. Doc. 6 at 2–3. But petitioner cannot create a separation-of-powers issue by labeling a back-pay claim as a constitutional claim. Moreover, it is well established that "Congress has the authority to require administrative exhaustion before allowing a suit against the Government, even for a constitutional violation." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 9 (2008). Thus, even if petitioner had properly alleged a constitutional claim, that claim must be pursued through the MSPB, not the district court. Accordingly, petitioner's third objection is overruled.

Finally, petitioner objects that the Fourth and Thirteenth Amendments to the U.S. Constitution give this court jurisdiction over her claims. Doc. 6 at 3–4. But again, reframing her back-pay dispute as involuntary servitude does not create subject matter jurisdiction where the CSRA has channeled that claim to the MSPB. Accordingly, petitioner's fourth objection is overruled.

Having reviewed the report de novo and being satisfied that there is no error, the court accepts the report's findings and recommendations. The petition is dismissed without prejudice for lack of subject-matter jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on May 27, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 3 -